UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| MAS Medical Staffing LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Brookview Healthcare Center, LLC <br><br> Defendant. | C.A. No. _____ <br><br> **COMPLAINT** <br> **(Jury Trial Demanded)** |

MAS Medical Staffing, LLC ("MAS"), by and through undersigned counsel, hereby submits this Complaint against Defendant Brookview Healthcare Center, LLC ("Brookview") and alleges as follows:

**PARTIES**

1. Plaintiff MAS is a New Hampshire limited liability company with a principal place of business at 175 Canal St., Suite 200, Manchester, NH 03101.

2. Defendant Brookview is a South Carolina limited liability company with a principal office address of 510 Thompson St., Gaffney, SC 29340 ("Brookview").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it involves citizens of different states and the amount in controversy exceeds $75,000. Specifically, MAS is a limited liability company, and its sole member is Periscope MAS Buyer, Inc., which is a Delaware corporation with a principal place of business in New Hampshire. Upon information and belief, Brookview's sole member is Susan Sain, who is domiciled in South Carolina.

1

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Brookview is a domestic limited liability company and its principal office location is in Cherokee County, South Carolina. Additionally, it is the District in which a substantial part of the events and omissions giving rise to Plaintiff's claims occurred.

## FACTS

5. MAS is a leading technology-enabled placement agency specializing in the recruitment and placement of professionals in the healthcare field, including skilled nursing staff to healthcare facilities for temporary placement.

6. Brookview operates a skilled nursing care center in Gaffney, South Carolina.

7. On or about August 15, 2023, MAS and Brookview entered into a Travel and Per Diem Staffing Agreement (the "Staffing Agreement") in which MAS agreed to provide temporary staffing solutions at agreed-upon rates. A true and accurate copy of the Staffing Agreement is attached hereto as Exhibit 1.

8. Brookview currently owes MAS approximately $157,631.51 in unpaid staffing services, plus monthly compounding interest of .75% that will continue to accrue thereon, as well as costs and attorneys' fees. See Ex. 1, § 5(A), 9(B).

9. MAS fulfilled its obligations under the Staffing Agreement and regularly provided nursing professionals for temporary placement to Brookview at its request.

10. Brookview did not dispute any of the outstanding invoices or amounts due therein pursuant to Section 5(A) of the Agreement.

11. MAS attempted to contact Brookview several times regarding the outstanding debt, including by sending Brookview a formal demand letter on or about January 17, 2025.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

12. MAS incorporates by reference the preceding paragraphs as if set forth fully herein.

13. The Staffing Agreement between MAS and Brookview constitutes a valid and binding contract.

14. MAS fulfilled its obligations under the Staffing Agreement.

15. Brookview breached the Staffing Agreement by failing to make multiple payments when due and required by the Staffing Agreement.

16. Brookview's failure to pay MAS the amounts due and owing, despite demand, constitutes a material breach of the Staffing Agreement and such breach has caused harm to MAS.

17. MAS is entitled to damages, including but not limited to the full amount of the debt owed to it, plus interest, and any additional unpaid amounts that accrue or have accrued under the Staffing Agreement.

18. MAS is also entitled to its reasonable costs and attorneys' fees incurred in connection with this case, pursuant to Section 9(b) of the Staffing Agreement, which provides that "[i]f MAS shall be required to engage counsel to collect any sums owed to it hereunder and shall prevail, the Client shall be required to pay [MAS] [its] reasonable attorneys' fees and out of pocket expenses." Ex. 1, § 9(b).

## FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment)

19. MAS incorporates by reference the preceding paragraphs as if set forth fully herein.

20. MAS provided skilled nursing staff to Brookview at its request and pursuant to the Staffing Agreement.

21. MAS paid the wages of the nurses placed at Brookview.

22. Brookview failed to compensate MAS for the benefit of the services it received.

23. Under the circumstances, it would be inequitable and unconscionable for Brookview to retain the benefit of the services that MAS provided, at its own cost, without payment to MAS for the value of those services.

24. As a direct and proximate result of Brookview's conduct, MAS has suffered damages entitling it to rightful compensation in an amount to be proven at trial and within the jurisdictional limits of this Court.

**FOR A THIRD CAUSE OF ACTION**
**(Quantum Meruit)**

25. MAS incorporates by reference the preceding paragraphs as if set forth fully herein.

26. MAS provided staffing services to Brookview.

27. MAS provided these services with Brookview's knowledge and consent.

28. MAS provided these services to Brookview under circumstances that make it reasonable for MAS to expect payment.

29. Brookview realized the benefit of the services provided by MAS, and it would be inequitable for Brookview to retain such benefit without paying MAS for the services provided.

30. Brookview's failure to pay MAS for the services rendered has resulted in harm to MAS, including lost monies, interest, attorney's fees, and costs all in an amount within the jurisdictional limits of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, MAS respectfully requests that this Honorable Court:

A. Enter judgment in MAS's favor on Plaintiff's First Cause of Action in this Complaint;

B. In the alternative, enter judgment in MAS's favor on Plaintiff's Second and Third Causes of Action in this Complaint;

C.      Award MAS damages in an amount to be proven at trial;

D.      Award MAS its attorneys' fees and costs pursuant Section 9(b) of the Staffing Agreement; and

E.      Award such other and further relief in favor of MAS as the Court deems equitable and just.

Respectfully submitted,

By:    <u>s/ Margaret N. Fox</u>
Margaret N. Fox, Fed. ID 10576
James M. Griffin, Fed. ID 1053
GRIFFIN HUMPHRIES LLC
Post Office Box 999
Columbia, South Carolina 29202
(803) 744-0800
jgriffin@griffinhumphries.com
mfox@griffinhumphries.com

Brian J. Bouchard (*pro hac vice* forthcoming)
SHEEHAN PHINNEY BASS & GREEN, PA
75 Portsmouth Blvd., Suite 110
Portsmouth, NH 03801
(603) 627-8118
bbouchard@sheehan.com

ATTORNEYS FOR PLAINTIFF

April 23, 2025